## WORLD PUBLISHING CO. et al. v. DELOE et al.

No. 23999. Opinion Filed Feb. 7, 1933.

Jas. C. Check and Frank E. Lee, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., E. I. Wakeman, and O. S. Huser, for respondents.

WELCH, J. This is an original proceeding in this court to review an award of the State Industrial Commission, made and entered in favor of the respondent J. C. Deloe, wherein the Commission found that the claimant was in the employment of the petitioner and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and sustained an accidental personal injury arising out of and in the course of such employment, and awarded compensation for temporary total disability.

The undisputed facts as disclosed by the record show that on the 29th day of February, 1932, the respondent J. C. Deloe was employed by the World Publishing Company as its district circulation manager; that the World Publishing Company was engaged in conducting the business of "a daily paper;" that the employee's duty was to supervise the transportation and delivery of newspapers within his district, which consisted of Hughes, Seminole, Pottawatomie, and a part of Okfuskee counties, Okla., having charge of all of the agents in his territory; audited their books, gave them instructions as to the delivery of the papers, replaced agents in the territory in case of vacancies, and, in case of the failure of any agency to deliver papers according to schedule, to see that they were delivered; to make collections from delinquent agents. That frequently it became necessary for him to personally transport bundles of newspapers, as in cases where a train failed to run, or there was a vacancy in an agency, or if an agent for any reason failed to transport them to the proper destination. That claimant's duties have been at all times confined to his district, and that at no time was he employed to work, nor did he at any time work, in the printing plant or home office operated by his employer; that in the discharge of his duties it was necessary that he travel from place to place, using therefor his own automobile, for which use he was given a separate allowance, distinct from his salary, and that such duties usually required that he be on the road from seven to sixteen hours daily, and travel approximately 900 miles a week.

That the employer hires men and transportation agencies, other than claimant, to transport papers daily within the district, that the claimant is employed to look after the district with the understanding that in case of the failure of any person or agency to deliver the papers by reason of a breakdown, or by reason of a vacancy, the claimant would take his place, if necessary, and personally deliver his papers; that on the date of the accident the claimant went to Seminole, and from the train there personally transported papers to Maud and St. Louis; that claimant was returning from delivering those papers and went to a point two miles north of Seminole; after that, had an engagement with an agent and was traveling east along the highway from Seminole to Wewoka, and in the direction of his headquarters, when another car approaching swerved to the left of the road, causing a head-on collision, resulting in the injury for which the claim herein was filed.

The primary question to be determined

is whether the employment of claimant in this case as district circulation manager for the World Publishing Company falls within any one of the classes of industries, plants, factories, lines, occupations, or trades protected in the Workmen's Compensation Act, and enumerated in section 13349, O. S. 1931.

In order for an employee to come within the act, the employment must be incidental to some one of the industries, plants, factories, lines, occupations or trades enumerated within the law.

In Mashburn v. City of Grandfield, 142 Okla. 247, 286 P. 789, this court said:

"It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law and in derogation of a common right of action in the courts. In other words, it takes from the citizen his right to be heard in the law courts upon principles and procedure almost as old as Anglo-Saxon civilization itself; and while the law will be given, and is given, a liberal construction in favor of the class for whom it was apparently, or supposedly, enacted to protect, yet the courts are without authority, and should be without authority, to extend its operation to classes and persons beyond which the Legislature has expressly or by clear implication designated."

Section 13349, O. S. 1931, enumerates and designates the industries and business enterprises which come within the meaning of the Workmen's Compensation Law. This section provides:

"Compensation provided for in this act shall be payable for injuries sustained by the employees engaged in the following hazardous employments, to wit: Factories, cotton gins, mills, work shops where machinery is used; printing, electrotyping, photoengraving, and stereotyping plants where machinery is used; foundries, blast furnaces, mines, wells, gas works, gasoline plants, oil refineries, and allied plants and works, waterworks, reduction works, elevators, dredges, smelters, powder works, glass factories, laundries operated by power, creameries operated by power, quarries, construction and engineering works, construction and operation of pipe lines, tanneries, paper mills, transfer and storage, construction of public roads, wholesale mercantile establishments, employees employed exclusively as clerical workers excepted; operation and repair of elevators in office buildings; logging, lumbering, lumber yards, street and interurban railroads not engaged in interstate commerce, buildings being constructed, repaired or demolished, farm buildings and farm improvements excepted; telegraph, telephone, electric light or power plants or lines; steam heating or power plants and railroads not engaged in interstate commerce."

And section 13350, O. S. 1931, defines "hazardous employment" within the meaning of such law, as follows:

1. "Hazardous employment shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employes engaged as clerical workers exclusively. * * *"

In Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112, this court, in discussing the employments included within the Workmen's Compensation Act, said:

"Printing plants where machinery is used are included. The men employed by the publishing company in its printing plant would doubtless come within the provisions of the act, as well as those employed in the electrotyping, photo-engraving, and stereotyping departments. There are numerous departments, however, of large publishing companies, such as clerks, stenographers, copy readers, bookkeepers, reporters, subscription solicitors and salesmen for advertising, as well as the army of newsboys who sell and deliver the paper. The Legislature realized that there would be numerous departments in large business affairs where several different kinds of work would be performed. With this in view it enacted section 7284, C. O. S. 1921, as amended by Session Laws of 1923, chapter 61, section 2, and subsection 15 thereof provides:

" 'Where several classes or kinds of work are performed the Commission shall classify such employment, and the provisions of this act shall apply only to such employes as are engaged in manual or mechanical labor of a hazardous nature.' * * *

"It is clear that the Legislature recognized the fact that an employer might conduct different departments of business, some of which would fall within the act, and some of which would not."

The court in that case says further:

"It is not enough to show that the employee was engaged in manual or mechanical work or labor, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Industrial Act."

The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state, except in cases wherein it is made to appear that the employer is engaged in one of the classes of industries, plants, factories, lines, occupations or trades mentioned in said act.

If it may be said in this case that the employer is engaged in the operation of one of the industries, factories, plants, lines, occupations, or trades mentioned in section 13349, supra, it would be necessary to say

that it was either engaged in conducting a "workshop where machinery is used," or that it is engaged in conducting a "printing, electrotyping, photo-engraving and stereotyping plant where machinery is used." The business of conducting or operating a newspaper, and circulating the same, is nowhere enumerated or included therein.

The evdience herein is uniformly to the effect that the employer, World Publishing Company, is engaged in a "daily newspaper business." And as an incident to the employer's business it conducts a printing plant where machinery is used, and in connection with the conduct of this same department of the employer's business, it might be said that it conducts a workshop where machinery is used.

Although it be said that the employment of men to do manual or mechanical work connected with or incident to the operation of such printing plant should come within the provisions of the act under the reasoning of Oklahoma Publishing Co. v. Molloy, supra, we do not believe that it was the intention of the Legislature to say by such legislative act that the employer whose business is one which is not enumerated and designated in said act. but who, as an incident to its business, may conduct a separate department, the conduct of which is enumerated in said act, would thereby bring his entire business, and each department thereof, within the terms of the act. To so hold would mean that the operator of a retail grocery store or dry goods store, or any other line of business or industry not included within the provisions of the act, if he employed one or more persons to operate a small printing press for the purpose of printing menus, price quotations, etc., even though same be operated in an entirely separate building, would thereby bring himself and all employes within the entire organization, and in every department thereof. within the provisions of the act, excepting only employees engaged exclusively as clerical workers.

Although it be the law in this case that, in the conduct of its department known as printing plant where machinery is used, the employer and all of its employees engaged in manual or mechanical work or labor, connected with or incident to the conduct of its printing plant, do come within the provisions of the Workmen's Compensation Act, the record shows the employee, J. C. Deloe, was at no time engaged in. nor connected with the workshop or printing plant where machinery was used, nor was he engaged in manual or mechanical work connected with, or incident to,

the workshop or printing plant where machinery was used. He was engaged in the distribution department of a newspaper business, and although the work in which he was engaged was incidental to the conduct of a newspaper business, it was not incidental to the operation of the workshop where machinery is used, nor to the operation of the printing plant, which must be so before the Workmen's Compensation. Law could be held to apply in this case.

Having reached the above conclusion, we do not decide the other questions presented.

The award and judgment of the State. Industrial Commission is therefore vacated and set aside, with directions to dismiss the claim for want of jurisdiction.

RILEY, C. J., and SWINDALL, ANDREWS, BAYLESS, OSBORN, and BUSBY, JJ., concur. CULLISON, V. C. J., and McNEILL, J., absent.