### BEATRICE CREAMERY CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 26073. Oct. 8, 1935.

102

Butler & Brown, for petitioners.

A. K. Swann, Stanley D. Campbell, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court to review an award of the State Industrial Commission made and entered in favor of the respondent E. W. Hutchinson.

The Commission found that the respondent was in the employ of the petitioner Beatrice Creamery Company, and engaged in a hazardous occupation subject to and governed by the provisions of the Workmen's Compensation Law; that he sustained an accidental personal injury arising out of and in the course of such employment and awarded compensation for permanent total disability.

The record discloses the following state of facts: That on September 11, 1929, the respondent E. W. Hutchinson was employed by the Beatrice Creamery Company as a driver of a truck and salesman on a scheduled delivery route out of its Tulsa plant; that his compensation was paid on a commission basis; that he was under the direction and supervision of the officers of the company and was subject to their superior direction and control; that the operation of said route was an essential part of the petitioner's business; that while so employed the duties of the respondent were chiefly manual and mechanical and included loading the truck at the plant, driving it over the said scheduled

route, making deliveries of milk, cream and other products to the customers of the company, which deliveries were mostly retail, but included an occasional wholesale delivery, and in picking up empty bottles and containers; that in pursuance of the work he employed a helper at his own expense, but with the consent of the company officials; that in loading out and checking in at the plant, he generally went through a room where some machinery used in the operation of the plant was located; that the Tulsa plant did not manufacture butter, but did receive raw milk which was pasteurized, separated, bottled and otherwise processed for market, and that power-driven machinery was employed for that purpose; that respondent did not work in the plant or around the machinery, except in loading out and checking in as previously stated; that claimant was returning to the plant on his regular scheduled route when his truck was struck by a Frisco engine, with the resulting injury for which claim herein was filed. The injury and extent thereof is not questioned.

For the vacation of this award the petitioner urges:

(a) That respondent was an independent contractor and not an employee.

(b) That if respondent was an employee of a creamery operated by power he was not employed in manual or mechanical work or labor therein or incident thereto.

(c) That the injury did not arise out of or in the course of the employment.

The claim that the respondent was an independent contractor and not an employee is urged very briefly and is wholly lacking of support in the evidence. This was a question of fact for the Industrial Commission to pass upon, and their finding thereon is supported by ample evidence, and under the rule repeatedly announced by this court will not be disturbed, and the contention of the petitioner in this respect may be dismissed without further consideration.

Whether the respondent was an employee of a creamery operated by power and engaged in manual or mechanical work or labor therein or incident thereto, however, presents a more difficult question, and the answer thereto will effectually dispose of this case. As we have said in World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. (2d) 1070:

"The State Industrial Commission is without jurisdiction to make an award of compensation under the terms of the Workmen's Compensation Law of this state except in cases wherein it is made to appear that the

employer is engaged in one of the classes of industries, plants, factories, lines, occupations, or trades, mentioned in said act."

And as further said in the body of the opinion in the above case:

"In order for an employee to come within the act, the employment must be incident to some one of the industries, plants, factories, lines, occupations, or trades enumerated within the law."

This being true, let us examine the law. We find section 13349, O. S. 1931, reads in part:

"Compensation provided for in this act shall be payable for injury sustained by employees engaged in the following hazardous employments, to wit: * * * creameries operated by power. * * *"

And under section 13350, O. S. 1931, paragraph 1, we find:

" 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades, mentioned in section 7283 (13349) except employees engaged as clerical workers exclusively, and shall not include anyone engaged in agriculture, horticulture or dairy, or stock raising or in operating any railroad engaged in interstate commerce."

That the benefits of the Workmen's Compensation Law do not apply to every person engaged in manual or mechanical work or labor is clearly pointed out in the act itself, and therein it is recognized that the same employer may have several classes of employees, some within the protection of the act and some without such protection, and under paragraph 15 of section 13350, O. S. 1931, we find the following provision:

"Where several classes or kinds of work is performed, the Commission shall classify such employment and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

There is some contention made as to whether the plant operated by the petitioner at Tulsa was a creamery operated by power and therefore within the provisions of section 13349, O. S. 1931, but we are of the opinion that the evidence c'early establishes the fact that said plant was a creamery operated by power under any modern definition of this term. While this court has not heretofore defined the term, yet in Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P. (2d) 168, we held that an ice-cream plant was both a "factory * * * where machinery is used"

and "a 'creamery operated by power.' " Mr. Justice Welch, speaking for the court, said:

"The employment engaged in was a 'factory * * * where machinery is used' and a 'creamery operated by power,' and is one of the employments included in the Workmen's Compensation Act (sec. 7283, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 1)."

We therefore hold that the petitioner Beatrice Creamery Company was primarily engaged in the operation of a hazardous employment, to wit, a creamery operated by power and within the provisions of section 13349, O. S. 1931. While we so hold, it does not necessarily follow that respondent was engaged in manual or mechanical work or labor connected with or incident to the business of a creamery operated by power, or that he was within either the provisions of section 13349 or 13350, O. S. 1931. As we have seen, his duties were outside of and foreign to the plant and its operation. Primarily he was a truck driver and salesman and not employed in or around the plant or machinery, and was not exposed thereto except in the loading out and checking in in the mornings and afternoons, and the injury was in no manner attributable to the machinery or power used in and around said plant.

Since it is evident that the Legislature did not intend the Workmen's Compensation Law to do more than protect labor in certain employments deemed to be hazardous by reason of the use of machinery, power, and tools necessarily employed therein, it would be a misapplication of the law to hold that an employee in a collateral department or branch of the business, but whose work does not expose him to the peculiar hazards of employment in specified industries, was merely by reason of his employment in manual or mechanical work or labor thereby to be treated as an employee of the primary industry, and consequently clothed with the protection intended by the Legislature to apply to workers in such specified industry. This court has repeatedly held that such construction will not be given to the act. As said by Mr. Justice Osborn, speaking for this court in the case of Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. (2d) 405:

"Admitting, without deciding, that claimant was in the employ of respondent, the Southwestern Cotton Oil Company, and further admitting that the Southwestern Cotton Oil Company is primarily engaged in a hazardous business, in order to justify a recovery, claimant must show that at the time

of his injury he was engaged in a branch or department of said business which is defined as hazardous by the Workmen's Compensation Act.

"That the operation of a motor truck, in which business claimant was employed at the time of his injury, is not a hazardous employment, as defined by the act, has been determined in the case of Choctaw Cotton Oil Co. v. Hall, 163 Okla. 288, 21 P. (2d) 1059, which involved a state of facts practically identical with the facts involved herein."

So here the respondent was engaged in the operation of a motor truck and the sale and distribution of merchandise at the time of his injury. This employment was collateral to and not connected with or incident to the business of a creamery operated by power in any proper use of this term, and consequently respondent was not engaged in a hazardous employment within the provisions of the Workmen's Compensation Law, and therefore the State Industrial Commission was without jurisdiction to make an award. The award is vacated and the cause is remanded, with directions to dismiss the action.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.