STATE HIGHWAY DEPT. et al. v. ALLENTHARP et al.

No. 32517. July 1, 1947.

*182 P. 2d 754.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by petitioners, State Highway Department and the State Insurance Fund, to review an order of the State Industrial Commission awarding compensation to respondent, Ira Allentharp.

Respondent filed his first notice of injury and claim for compensation on the 27th day of April, 1945, stating therein that on June 16, 1944, while in the employ of the State Highway Department and engaged in exploring the earth strata for the purpose of obtaining data and information for the use and benefit of the Highway Department in the construction of its roads, the ledge of a rock upon which he was standing broke loose causing him to fall a distance of 12 feet thereby sustaining severe injury to his hip, spine and shoulder and general bodily injury.

The trial commissioner after hearing the evidence found that on June 6, 1944, respondent while in the employ of the State Highway Department and engaged in a hazardous occupation sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back and left shoulder; that as a result of said injury he sustained a 45 per cent permanent partial disability to the body as a whole for which he is entitled to the sum of $4,050, being 25 weeks at $18 per week. Upon the above finding an order was entered awarding respondent compensation accordingly.

The award was affirmed on appeal to the commission en banc.

Petitioners challenge the finding of the commission only insofar as it is found that respondent at the time he sustained his injury was engaged in a hazardous employment. The finding and award is not otherwise challenged.

It is the theory and contention of the respondent that he was at that time employed in the construction of public roads, an employment designated as hazardous by the Workmen's Compensation Act, 85 O.S. 1941 §2, or that he was at least engaged in performing mechanical work and labor connected with and incident to the construction of such roads.

The evidence is undisputed as to the nature and character of work respondent was at that time performing and is substantially as follows: Respondent was employed as an assistant engineer by the Highway Department and was at that time engaged in making a survey to obtain data for the use of the Highway Department in letting construction contracts. The particular department in which he was then working was known as the soil department and he was a member of a crew of four whose duties it was to explore the soil along the routes over which it was proposed to construct highways. For this purpose hand tools were used where it was not necessary to excavate to any great depth but where greater depth was required a power-driven drill was used; holes were excavated from four to six inches in diameter and down to a depth of 45 feet. Samples of earth were thus obtained and taken to the soil laboratory for the purpose of analysis. The samples were obtained and analyzed for the purpose of supplying information to the Highway Department in order to enable it to determine the feasibility of constructing the highway over the contemplated route and for the purpose of furnishing data and information upon which to prepare specifications for submission of bids to highway contractors and for the purpose of advising or informing such contractors as to the formation of earth strata along and over the route upon which it was proposed to construct a highway and in order to

enable contractors to intelligently make their bids.

We think this evidence sufficient to show that respondent was at the time he sustained his injury engaged in performing manual and mechanical work and labor in connection with or incident to the construction of public roads and that he was therefore engaged in a hazardous employment.

The statute, 85 O.S. 1941 §3, defines "hazardous employment" as follows:

" 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries, plants, factories, lines, occupations, or trades, mentioned in Section 13349, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or stock raising or employees of steam railroads engaged in interstate commerce."

The construction of public roads is designated as a hazardous employment under section 2 of the act and under section 3 of the term "employer" includes the state when engaged in hazardous work within the meaning of the statute in which workmen are employed for wages.

Petitioners, however, contend that respondent was not at the time he sustained his injury performing any labor in connection with the actual construction or building of roads, that he was merely engaged in obtaining technical data for the use of the Highway Department in submitting bids for the purpose of letting contracts for the construction of such roads; that the Highway Department does not engage in the actual construction and building of roads. In this connection it is urged that the statute, 69 O.S. 1941 §48, does not contemplate that public roads shall actually be built or constructed by the Highway Department; that it is the intent and purpose of the statute only to authorize it to contract for the construction of such roads with independent contractors under competitive bidding. While it is true, as contended,

that the actual construction of roads is usually accomplished by and through contracts with independent contractors, the roads are, however, constructed under the supervision and direction of the State Highway Department. It is necessary and essential to obtain the information and data such as was obtained by the the respondent in the instant case for the purpose of obtaining the necessary data and forming the plans and for other purposes in the construction of roads. The making of such survey constitutes the primary or initial step in the construction of roads, and therefore constitutes work in connection with the construction thereof. Respondent in obtaining such data and making such survey was performing manual and mechanical labor in connection with and incident to the construction of public roads, and was therefore engaged in a hazardous employment within the meaning of the Workmen's Compensation Act.

We have on different occasions held that where an employee is engaged in manual and mechanical labor connected with and incident to a business defined as hazardous by the Workmen's Compensation Act, such employee comes within and is protected by the act. Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P.2d 846; Oklahoma Power & Water Co. v. State Industrial Commission, 184 Okla. 447, 87 P.2d 969. In the case of Board of Commssioners of Okmulgee County v. State, 83 Okla. 48, 201 P. 998, we held that an employee who sustains an injury while engaged in hauling water for a steam engine used in pulling a road grader in the construction of a public highway was engaged in a hazardous employment within the meaning of the Workmen's Compensation Act.

In the case of Seismograph Service Corporation v. Mason, 193 Okla. 623, 145 P.2d 967, we said:

"The members of a seismograph crew engaged in sinking shafts or wells in the earth to a depth of from 20 to 300 feet, placing explosives in such shafts and exploding the same for the purpose

of producing reverberations of the earth to obtain geological data, are engaged in one of those hazardous employments falling within and covered by the Workmen's Compensation Law of Oklahoma."

In that case, under the facts above related, we held that the employee was engaged in performing manual labor in connection with "wells" an employment defined as hazardous under the Workmen's Compensation Act.

We conclude under the facts above detailed and as a matter of law that respondent at the time he sustained his injury was engaged in a hazardous employment within the meaning of the Workmen's Compensation Act.

Award sustained.

HURST,C.J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON,JJ., concur.