OKLAHOMA NATURAL GAS CO. et al. v. NICKENS et al.

No. 33045.　Jan. 27, 1948.

*189 P. 2d 184.*

A. M. Covington, of Tulsa, for petitioners.

Mac Q. Williamson, Atty. Gen., and Richard M. Huff, Asst. Atty. Gen., for State Industrial Commission.

Doerner, Rinehart & Stuart and Hughey Baker, all of Tulsa, for respondent Nickens.

LUTTRELL, J. This is an original proceeding brought by petitioners Oklahoma Natural Gas Company and Massachusetts Bonding & Insurance Company, to review an award made against them by the State Industrial Commission in favor of N. H. Nickens.

The sole contention made by petitioners is that the State Industrial Commission was without jurisdiction to make the award for the reason that Nickens, at the time of his injury, was not engaged in hazardous employment. Since this is a jurisdictional question the order will not be accepted as conclusive, but we will weigh the evidence and make such finding as it warrants. Oklahoma City Livestock Exchange v. Parkey, 193 Okla. 426, 144 P. 2d 960.

From the evidence it appears that the Oklahoma Natural Gas Company was the owner of a ten-story office building in the city of Tulsa, a large portion of which was occupied by its offices, and a portion of which was rented to other parties. In this building it operated a freight elevator and maintained an engineering department in which Nickens was employed. As a part of the engineering department there was maintained in the basement of the building a workshop with two boilers, power-driven motors and drills, a carpenter shop with power-driven appliances, and a work bench with tools and equipment for threading and cutting pipe. From the evidence it appears that Nickens, while listed on the company's records as a janitor, worked under the supervision of the building engineer, doing whatever he was told. He testified that approximately 50 per cent of his time was spent doing work in the workshop under the direction of the engineer. The engineer testified that Nickens worked under him, although he estimated that he worked in the workshop only some 25 per cent of his time. He testified further that one of Nickens' chief duties was to run a freight elevator; that he assisted in cleaning and wiping boilers; that he operated the electric drills in the carpenter shop, and fitted and cut pipe in the room used for that purpose. The witness testified that the freight elevator, carpenter shop and basement came under his general supervision as building engineer.

At the time Nickens was injured he had run the freight elevator up to the top floor of the building, and with another man had gone up into the attic above the top floor to bring down some heavy boxes to load on the elevator. While he and the other man were bringing down the attic stairway a box weighing, as he testified, approximately 150 pounds, Nickens fell and injured himself.

Petitioners contend that at the time of his injury claimant was doing ordinary janitor work, and therefore, under the rule announced in Ferris v. Bonitz, 149 Okla. 129, 299 P. 473; Clinton Cotton Oil Co. v. Holdman, 174 Okla. 423, 50 P. 2d 732, and other similar cases, the claimant was not engaged in a hazardous occupation at the time of his injury, but was employed in a department or class of work which was nonhazardous.

This contention may not be sustained. While it is true that under 85 O. S. 1941 §3, subd. 15, and the subsequent amendments thereto, the Industrial Commission is authorized to classify employment, it clearly appears from the evidence that the claimant was employed as a worker in the engineering department, which was a hazardous employment. He was working for this department at the time he was injured, and the carrying of the box down the stairway was incidental to his operation

624

of the freight elevator, which was a hazardous occupation. 85 O. S. 1941 §2. In this situation the rule announced in Wilson & Co. of Oklahoma v. Musgrave, 180 Okla. 246, 68 P. 2d 846; Pemberton Bakery v. State Industrial Commission, 180 Okla. 446, 70 P. 2d 98, and other cases holding that when the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of a business or industry defined as hazardous by the Workmen's Compensation Act, the employee is entitled to receive compensation for an injury sustained, although such injury may be sustained in a place or under conditions not inherently hazardous. Thus, in Wilson & Co. v. Musgrave, supra, we held that the claimant was entitled to compensation unless the division between the various departments of work in the employer's plant was real and not superficial or fictitious, and that if the work which claimant was performing at the time of her injury was incident to and connected with the hazardous business of the employer, she was entitled to an award, although at the time performing some simply duty in a place where there was no machinery. There we said:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of, a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act, notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous.

The evidence in the record sufficiently sustains the jurisdiction of the Industrial Commission to make the award.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON, and ARNOLD, JJ., concur.