**MID–CONTINENT PETROLEUM CORPORATION, a corporation, Petitioner,**

v.

**D. H. HARRIS and State Industrial Commission, Respondent.**

No. 35939.

Supreme Court of Oklahoma.

July 7, 1954.

Rehearing Denied Sept. 14, 1954.

As Corrected March 14, 1955.

Application for Leave to File Second Petition for Rehearing Denied March 15, 1955.

R. H. Wills, J. P. Greve, Ben Hatcher, Walter B. Hall, Tulsa, for petitioner.

John A. Cochran, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original proceeding in this court to review an award of the State Industrial Commission, made to the claimant, D. H. Harris, against his employer, Mid-Continent Petroleum Corporation, as respondent. The parties will be referred to as they appeared before the Commission.

Because of our conclusion that the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq., was not applicable to the situation in the case before us, this opinion need not be burdened with the details of evidence on other issues. Claimant was a truck driver. On April 30, 1952, he was driving a large transport truck loaded with gasoline for delivery to a bulk station in Fayetteville, Arkansas, from respondent's refinery in Tulsa, Oklahoma. When going up a long hill, he heard a wheel snapping. He pulled off the road on top of the hill and jacked up the wheel, in order to tighten the lug bolts. The wrench slipped, throwing him to the ground and injuring his back.

It was stipulated between the parties that respondent's witnesses if present at the hearing before the Industrial Commission, would testify that the respondent was engaged in the production, refining, and marketing of oil, gasoline and other petroleum products each of said three activities being handled and performed by a separate distinct department; that the marketing or sales department was divided into geographical divisions—northern, southern and eastern—the southern division being located at Tulsa, Oklahoma; that the said division was operated by a manager and other subordinate managers, there being a manager of Transport Truck Operations, having supervisory control over all transport trucks in the district; that he had the responsibility of hiring and firing all truck drivers in the division subject only to the direction of the general manager of the division; each division of the marketing department was operated independently of other divisions or departments; the motor Transport Department of the Company owned all trucks and kept them in repair, assigning the required number to the southern division of the marketing department; that division of the marketing department had entire control over the trucks assigned to it and the drivers of the same; its sole object or goal was the marketing and distribution of the company's products in that area; it was separate and independent from the production and refining departments which, themselves, were distinct and independent units having no control over an inter-relationship with each other or with the marketing department; that the claimant, D. H. Harris, was employed as a truck driver for the southern division of the marketing department and his duties consisted of the transporation of petroleum products from one point to another as directed by the proper official of that department.

The law is well settled in this jurisdiction "that the same employer may con-

duct different branches or departments of business, some of which fall within the Workmen's Compensation Act, and some of which do not." E. M. Mildred Agency v. Yates, 200 Okl. 168, 191 P.2d 581, 582, wherein a number of the earlier cases are cited.

Under the stipulated facts in the instant case, respondent's business was conducted by separate, distinct and independent departments. These departments could not have been more completely separated than they were and be owned by one corporation. The only connection between them was that of the commodities with which they dealt—petroleum products. The dividing lines between the departments were not artificial but were those that were natural in any similar business—the gathering of the raw materials—the processing or manufacture of the raw materials into marketable products—the marketing or sale of those products.

■■ Claimant was employed by, and all of his duties were in connection with, the marketing department of respondent. That was not a hazardous employment within the purview of the Workmen's Compensation Act. It is much the same situation as was before this court in the case of World Pub. Co. v. Deloe, 162 Okl. 28, 18 P.2d 1070, 1072. Therein, we quoted from the earlier case of Oklahoma Pub. Co. v. Molloy, 146 Okl. 157, 294 P. 112, as follows:

> "'It is clear that the Legislature recognized the fact that an employer might conduct different departments of business, some of which would fall within the act and some of which would not.'
>
> "* * * 'It is not enough to show that the employee was engaged in manual or mechanical work or labor, but it must be shown that such work or labor is of a hazardous nature as that term is used in the Industrial Act.'"

Thus, the instant case differs from those wherein the employee was injured in the course of an employment which was incidental to, and a part of, a business covered by the Workmen's Compensation Act. Upon that point it is distinguishable from the cases of Pemberton Bakery v. State Industrial Commission, 180 Okl. 446, 70 P.2d 98; H. J. Heinz Co. v. Wood, 181 Okl. 389, 74 P.2d 353; State Highway Department v. Allentharp, 199 Okl. 78, 182 P.2d 754; Oklahoma Natural Gas Co. v. Nickens, 199 Okl. 622, 189 P.2d 184; Ice v. Gardner, 183 Okl. 496, 83 P.2d 378. Therefore, the Commission was without jurisdiction to make any award to claimant.

The award is vacated.

HALLEY, C. J., and WELCH, O'NEAL and WILLIAMS, JJ., concur.

JOHNSON, V. C. J., concurs by reason of stare decisis.

CORN, ARNOLD and BLACKBIRD, JJ., dissent.

ARNOLD, Justice (dissenting).

The majority opinion re-iterates the "departmental rule" and attempts to apply it to the facts in this case.

The evidence shows that claimant at the time he was injured was hauling gasoline from the refinery of respondents to a plant in Fayetteville, Arkansas. The delivery of the finished product of respondent's refinery to a point where such finished products can be distributed and sold in the course of business is an incidental part of the refinery. See Pemberton Bakery v. State Industrial Commission, 180 Okl. 446, 70 P.2d 98; H. J. Heinz Co. v. Wood, 181 Okl. 389, 74 P.2d 353; State Highway Department v. Allentharp, 199 Okl. 78, 182 P.2d 754; Oklahoma Natural Gas Co. v. Nickens, 199 Okl. 622, 189 P.2d 184; Ice v. Gardner, 183 Okl. 496, 83 P.2d 378.

The creation of a separate "transportation department" for organizational or accounting convenience is not sufficient excuse to apply the "departmental rule". If this is done the spirit and purpose of the Workmen's Compensation Act will be violated and an employer engaged in a hazardous business covered by the Workmen's Compensation Act can escape the act merely by creating another so called "depart-

ment". The "transportation department" of respondents is not engaged in transportation for hire or in the business of transportation. It merely hauls the products of its refinery (a hazardous business) to convenient points for distribution and such "transportation" is merely an incident to the hazardous business, the refinery.

I dissent.