**HALLIBURTON OIL WELL CEMENTING CO., Petitioner,**

v.

**STATE INDUSTRIAL COMMISSION and Hazel Irene Duncan, Respondents.**

**No. 37574.**

Supreme Court of Oklahoma.
Sept. 16, 1958.

Dudley, Duvall & Dudley, Oklahoma City, for petitioner.

Fermon Hatcher, Pauls Valley, Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 15th day of May, 1956, Hazel Irene Duncan, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that while employed by Halliburton Oil Well Cementing Company she sustained an accidental injury rising out of and in the course of

her employment on the 10th day of February, 1956, when she slipped on the floor of a building. An award was entered by the State Industrial Commission, and Halliburton Oil Well Cementing Company, own risk, hereinafter called petitioner, brings this proceeding to review the award.

The evidence discloses that petitioner maintains a building in Duncan known as "Technical Center." In this building are machines driven by electricity used in making blue prints, printing papers and testing materials, as well as a chemical shop or room used in connection therewith. Claimant was a janitress or cleanup woman, but in addition to her regular janitorial duties she was required to work on and about these electrically power-driven machines, and it was a part of her duties to cut the power off from them at various and sundry times. She was required to sweep up from the floor of this laboratory the steel shavings and other debris; she was required to operate the electrically power-driven waxer. It was while she was waxing the floor in the lobby of the first floor of the building, at approximately 10:30 p. m. that she sustained an accidental injury. The cause and extent of the disability are not issues in this proceeding.

■ Petitioner raises the single issue that the employment of claimant is not one of the employments listed as hazardous under the Workmen's Compensation Law, Tit. 85 O.S.1951, §§ 2 and 3. This issue must be determined on the basis of the evidence and the law applicable thereto. Oklahoma Natural Gas Co. v. Nickens, 199 Okl. 622, 189 P.2d 184.

■ Review of the evidence discloses that the Technical Center is a "workshop" within the meaning of Tit. 85 O.S.1951 § 3, subd. 11. Petitioner cites Hallmark v. Oklahoma Publishing Co., 204 Okl. 364, 230 P.2d 268, 269, and other related cases, but principally relies upon the Hallmark case and argues that this court held in the Hallmark case that injuries from janitorial duties in a building, a portion of which is considered a "workshop," were not compensable since the injuries were not incident to the hazardous business.

In Hallmark v. Oklahoma Publishing Co., supra, it is stated:

"Respondent operates, in Oklahoma City, a printing plant where machinery is used. It occupies and uses in connection with its business two separate buildings; the printing plant with all its machinery, and used in connection with its operation as a printing plant, is located entirely in one of these buildings; its offices are located in the other building. The buildings are separated from each other by an alley and• small parkway; they are, however, connected with a covered ramp which is used as a passageway from one building to the other.

"Petitioner was employed as a janitor in the office building. He did not work in the building in which the printing plant is located and operated and performed no service or work of any kind incident to or connected with the printing plant. His general duties consisted of sweeping, cleaning, scrubbing and keeping in condition the boiler room, basement and all other rooms in the building. * * *"

The petitioner took two positions in the above cited case. The first one was that since the publishing of the paper required the operation of a printing plant everything else done in connection therewith constituted hazardous employment, and this included the operation of the office building of which claimant was janitor. Such was the import of the dissenting opinion.

The second point urged in the Hallmark case, supra, was that since part of claimant's duties included the operation of an electric paper baler in the boiler room of the office building, he was an employee of a workshop. On this point it is therein stated:

"If petitioner had sustained his injury while performing manual or mechanical labor incident to or connected with the printing plant, or assuming

that the operation of the electric power-driven bailing machine in the basement constituted the basement of a workshop, and petitioner had sustained his injury while performing work incident to or connected with the workshop he would have been entitled to compensation. Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okl. 62, 206 P. 249. He was, however, not engaged in performing work incident to or connected with either at the time he sustained his injury."

 "If it is intended to construe this language as holding that an employee of a workshop can only recover compensation for injuries sustained while working around the machinery of such workshop, such is not the rule. See Oklahoma Natural Gas Co. v. Nickens, supra, and cited cases. The office building in the Hallmark case was held not to be a workshop. It was held that if the operation of a baler made a part of the boiler room a workshop, then the claimant could only recover for injuries sustained while doing something incident to and connected with the operation of the baler. In the instant case the Technical Center was a workshop as defined by 85 O.S.1951 §§ 2 and 3. It was not an office building as in the Hallmark case, or related cases. There is no evidence in the record tending to disclose that the Technical Center was used for any purpose other than as a workshop. Claimant was an employee of this workshop engaged in manual labor as distinguished from exclusive clerical work and entitled to compensation under 85 O.S.1951, §§ 2 and 3, supra.

In Oklahoma Natural Gas Co. v. Nickens, supra, it is stated [199 Okl. 622, 189 P.2d 185]:

"* * * Thus in Wilson & Co. v. Musgrave, (180 Okl. 246, 68 P.2d [846], 847), supra, we held that the claimant was entitled to compensation unless the division between the various departments of work in the employer's plant was real and not superficial or fictitious, and that if the work which claimant was performing at the time of her injury was incident to and connected with the hazardous business of the employer, she was entitled to an award, although at the time performing some simple duty in a place where there was no machinery. * * *"

The rule therein announced is applicable here, and claimant is entitled to an award for the reason that she was performing manual labor incident to and connected with her employment in a workshop.

For the reasons given herein, the award is sustained.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.