## OKMULGEE DEMOCRAT PUB CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 12415—Opinion Filed March 14, 1922

Rehearing Denied April 18, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—"Hazardous Employment."**

Section 2, article 1, chapter 246, of the Workmen's Compensation Act provides in substance as follows: Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: Printing plants, where machinery is used; and subdivision 1 of section 3 provides that hazardous employment shall mean manual or mechanical work or labor connected with or incident to one of the industries, plants, factories, etc., mentioned in section 2.

2. **Same—Sufficiency of Evidence.**

There is evidence in the record reasonably tending to show that the claimant was engaged in hazardous employment, within the meaning of the foregoing sections, at the time of his injury.

3. **Same—Notice of Injuries—Excuse for Failure—Right to Medical Attention.**

Record examined, and held: (1) That the commission was warranted in excusing the claimant from giving notice in strict compliance with the requirements of section 8, article 2, chapter 246 of the Workmen's Compensation Act. (2) That for failure to comply with the positive provisions of section 4, art. 2, chapter 246, the claimant is

not entitled to recover for medical, surgical, or other attendance or treatment.

**4. Same—Award for Injuries—Commuting Payments to Lump Sum.**

That part of section 15, article 2, of the Workmen's Compensation Act which provides that the commission may commute periodical payments to a lump sum does not require the commission to make the gross sum allowed lighter or less in amount than the sum of the periodical payments to which the claimant would be entitled.

**5. Same—Review of Order.**

Record examined, and held, that the action of the commission in commuting the periodical payments to one lump sum was in the interest of justice.

Appeal from State Industrial Commission of Oklahoma.

Action by the Okmulgee Democrat Publishing Company and the Maryland Casualty Company to review order of State Industrial Commission awarding workmen's compensation to E. C. Colbert. Affirmed.

Ross & Thurman, for petitioners.

Charles A. Dickson and Wallace & Stephens, for respondent Colbert.

R. E. Wood, Asst. Atty. Gen., for the Commission.

KANE, J. This is an appeal from an order of the Industrial Commission allowing the respondent compensation under the Workmen's Compensation Law. It seems that Colbert was in the employ of the Democrat Publishing Company as a janitor in a printing plant where machinery is used; that his work was to be performed after the machinery used in the printing plant was stopped for the day; that part of his duty was to clean out certain lead shavings and slugs which accumulated under the linotype machines while the same were in operation; that while engaged in this work, he pricked the first finger of his right hand on one of these shavings or slugs, from which blood poisoning developed within a few days; that the injury occurred on the 28th day of February, and that on the 8th day of March following the respondent was forced to take to his bed, where he remained until the following August, suffering great pain and agony. In the meantime his injury was treated by several doctors, who cut and lanced his hand and amputated the first finger, with the result that his right hand is practically useless.

In November, 1919, the year he was injured, the respondent filed his claim with the Industrial Commission, to which the Democrat Company filed answer denying all liability, claiming that the respondent was not within the Compensation Act. The cause was heard before the commission February 4, 1920, and thereafter in May, 1921, an order was issued allowing the claimant compensation at the rate of $6 per week for a period of 200 weeks, which was commuted to a lump sum of $1,200, and hospital and doctor bills covering a period of 15 days.

It was to reverse this order that this proceeding in error was commenced. Counsel for petitioners present their grounds for reversal under four propositions which they state in their brief as follows:

"First. The employment in which the claimant was engaged at the time he was injured was not a hazardous employment, and does not, therefore, come within the provisions of the Workmen's Compensation Act.

"Second. The claimant having wholly failed to give his employer notice of his injury within 30 days after such injury, the claim is barred under the Workmen's Compensation Act.

"Third. The claimant, having failed to request that his employer furnish medical treatment for him, is not entitled to recover the amount expended for medical claims and hospital bills.

"Fourth. The State Industrial Commission was without jurisdiction to order the payment of the entire award in one lump sum."

We will examine these propositions in the light of the evidence and the applicable provisions of the Compensation Act. Section 2, article 1, chapter 246, Session Laws 1915, provides in substance that compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: Printing plants where machinery is used. It is conceded that the respondent was engaged in a printing plant where machinery is used, but they say that he was not engaged in hazardous employment, and therefore is not entitled to recover under the Workmen's Compensation Act. Subdivision 1 of section 3 of the Compensation Act, which defines hazardous employment generally, is paraphrased by counsel for petitioners in their brief to make it apply to the instant case as follows: Hazardous employment shall mean manual or mechanical work or labor connected with or incident to a printing plant where machinery is used.

As it was also conceded that Colbert was engaged in manual labor, in view of the foregoing provisions, the precise question under the first subhead narrows itself to this:

Was the work or labor the claimant was engaged in at the time he was injured connected with or incident to a printing plant where machinery was used? The Industrial Commission in a written opinion points out, and the evidence tends to show that in the operation of the linotype machines lead slugs and shavings, such as the respondent was engaged in removing, accumulate under the machines; that they are cleaned out at the end of each working day, when they are again melted up and used to make new type. Even if it may be said that the general work of a janitor is not connected with or incident to a printing plant where machinery is used, it seems to us that the particular service that the respondent was engaged in at the time he was injured clearly belongs to that class of work. Obviously some employe of the establishment would be required to do this class of work, not only to prevent the machines from being clogged up and stopped, but to keep on hand an adequate supply of new type.

This court has many times held that the Compensation Act is a remedial measure which must be liberally construed for the benefit of the employe. In our judgment the respondent is entitled to compensation under any reasonable construction of the provision of the Compensation Act. See Board of Commissioners v. State, 83 Okla. 48, 201 Pac. 998.

Section 8, article 2, chapter 246, Session Laws 1915, upon which the next assignment of error is based, provides that:

"Section 8. Notice of an injury for which compensation is payable under this act shall be given to the commission and to the employer within 30 days after injury."

Another part of the same section provides:

"That failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

The commission in its written opinion, after reviewing the evidence on the question of notice and finding it to be vague and indefinite as to the time notice was served, points out that the Democrat Company had actual knowledge of Colbert's injury very shortly after the accident occurred, and that, although the evidence as to when the notice was actually received is uncertain, the commission under another part of the Workmen's Compensation Act must pre-sume: First, that the claim comes within the provisions of this act: second, that sufficient notice thereof was given. The commission also held that the claimant's physical condition "was of such severity and gravity" as to warrant the commission to excuse lack of promptness on the part of the claimant in giving notice. And we do so excuse him.

Discussing these findings in their brief, counsel for petitioners say:

"This, if it can be considered a finding that notice was given, is directly contrary to the testimony offered by the respondent, showing that no notice was given for over two months, and that the respondent had absolutely no information or knowledge of the fact that the claimant had been hurt, or the nature of his disability."

We do not understand that the commission was discussing the evidence so much for the purpose of showing that notice was given in strict accordance with the foregoing statute as to lay the predicate for excusing such notice. In this behalf, we think the following statement of facts is fairly deducible from the evidence: A few days after Colbert had pricked his finger and considerable soreness had developed, he brought another man to the Democrat plant and told the business manager that this man would do his work while he was absent. Within four or five days after this Colbert took to his bed from blood poisoning, remaining there until the following August, suffering great pain and agony from his injuries.

Shortly after Colbert took to his bed, he wrote the general manager of the Democrat Company, telling him of his condition and asking him for aid. This letter was ignored as an appeal to charity, the company not deeming itself liable to Colbert under the Compensation Law in these circumstances. We think the commission was warranted in excusing the required notice, both on the ground that notice for some sufficient reason could not have been given and that the insurance carrier or employer had not been prejudiced thereby. The evidence discloses that, before the expiration of a third of the time within which the respondent was required to give notice under this statute, he was compelled to take to his bed, and that he remained in this helpless condition, suffering great pain and agony for four or five months thereafter. We are also unable to perceive wherein either the insurance carrier or the employer can be prejudiced by failure to give notice.

As we have seen, the employer did have actual notice of the condition of the res-

pondent, but disregarded it as an appeal to charity, not deeming itself liable under the Workmen's Compensation Law, and this has been the attitude of the employer and the insurance carrier up to this good day. Under these circumstances, it is not at all likely that even if it were shown that notice was given in strict compliance with the statute, they would have taken any other course than the one they have followed; that is, dispute their liability to the respondent under the Compensation Law' until the question was finally passed upon by the court of last resort having jurisdiction over such proceedings.

The third assignment of error is based on section 4, art. 2, (chapter 246, Sess. Laws 1915) of Workmen's Compensation Act, which provides as follows:

"The employe shall not be entitled to recover any amount expended by him for such treatment or services (medical, surgical, or other attendance or treatment, nurse and hospital services), unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so."

We think this assignment of error should be sustained. The evidence wholly fails to disclose any attempt on the part of the respondent to comply with this positive provision of the Compensation Act. On the contrary, the testimony of the plaintiff himself was to the effect that he never at any time requested the employer to furnish the treatment or services named in the statute.

The provision of the Compensation Law upon which the next and last assignment of error is based is section 15, art 2, ch. 246, Session Laws 1915, which provides in part as following:

"Compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employe at the time of his injury and shall be so provided for in any award; but the commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice."

On this assignment of error it is contended, that, inasmuch as the word "commute" as defined by the lexicographers means "To substitute for one (exaction, obligation, or due, as a payment, penalty, etc.) another that is lighter or less; as, to commute military service for a contribution" (see Webster's New International Diction-

ary), the commission was without authority to allow the respondent a lump sum aggregating the total sum of the payments he would be entitled to if made periodically. It is true that the word "commute" is often used in the sense above stated, but the same authority shows that it also means "To exchange, interchange or substitute; to pay, or arrange to pay, in gross instead of part by part." It is in this latter sense that the word, as it appears in the foregoing statute, has always been construed in this jurisdiction.

This court has frequently upheld the action of the commission in requiring employers to pay in gross instead of part by part, and the fact that the gross sum was not lighter or less in amount than the sum of the periodical payments does not seem to have made any difference. Stephenson v. State Industrial Commission, 79 Okla. 228, 192 Pac. 581, 583; Francis Vitric Brick Co. v. State Industrial Commission, 76 Okla. 314, 185 Pac. 525; McAlester Co. v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630.

For the reasons stated, the order of the commission, with modification hereinbefore indicated, will be affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.