### FERRIS et al. v. BONITZ et al.

No. 21956. Opinion Filed May 26, 1931.

Cheek & McRill, for petitioners.

Reid, Lewis & Reid, for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein, awarding him compensation for an indeterminate period of time for an accidental personal injury arising out of and in the course of his employment with the petitioner.

The petitioner was operating an office building and the respondent was in his employ as a night janitor. The respondent contends that on the night of July 14, 1930, he got his hand or finger infected while cleaning a slop sink or closet. He made no demand for medical attention, but, on July 16, 1930, he went to a doctor for treatment. On August 20, 1930, he filed a claim with the State Industrial Commission in which he stated that the injury occurred on July 12, 1930, and gave the cause of the accident as "unstopping sink" and the nature and extent of the injury as "badly burnt by lye," and which shows that he quit work on account of the injury on July 14, 1930. He testified that his duties were to run the elevator, have charge of the night help, keep the sinks unstopped, and operate the vacuum cleaner, and that he operated the elevator at night. He said that he went to unstop the

sink and run his hand in there, his hand was burned, and he jerked his hand out-quickly, skinning his hand on the side of the pipe as he drew-it-out. He said that there was a solution in there, but that he did not know it, and did not know who had poured it in.

It is contended that the respondent was not injured while engaged in the performance of hazardous duties as an elevator operator in an office building, and that he was injured, if at all, while engaged in the performance of nonhazardous employment as foreman of the janitors in an office building. Thus there is presented the question of whether an employee, whose duties are non-hazardous within the provisions of the act, but who has hazardous duties to perform which are within the terms of the act, may recover compensation for an injury arising out of and in the course of his nonhazardous employment.

Attention is called to section 7284, subd. 15, C. O. S. 1921, which provides:

"Where several classes or kinds of work is performed, the Commission shall classify such employment and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

The record does not show that the Commission ever made a classification in the case under consideration. The section was considered by this court in Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 Pac. 929, wherein it was held:

"The Workmen's Compensation Act recognizes the fact that the same employer may conduct different departments of business, some of which fall within the act, and some of which do not."

Therein the issue was whether an ordinary retail grocery store came within the provisions of the Workmen's Compensation Act when it added machinery and appliances known to be dangerous. It was there contended that upon such additions the place became a workshop. This court held that the fact that petitioner operated an electric sausage grinder did not render the entire store a workshop and bring an employee, whose business or duties were not confined entirely to that part of the store disconnected with the meat market, within the terms of hazardous employment as contemplated by the statute. In Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249, the respondent was employed as a janitor in a

printing plant, where machinery was used, after the printing plant was stopped for the day, his duties being to clean up around the machinery. While engaged in that work he sustained an injury caused by pricking his finger on one of the shavings or slugs around the machinery. Compensation was allowed him.

The issue presented here has not been determined by this court.

The rule announced in Board of Commissioners v. State ex rel. Jackson, 83 Okla. 48, 201 Pac. 998, Maney & Alley v. Fletcher, 140 Okla. 54, 282 Pac. 153, and Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062, has no application here for the reason that therein there was no classified employment, the entire employment shown therein being within the provisions of the act and the injury arising out of and in the course of the hazardous employment. Here the janitor service was in no wise hazardous and the injury arose out of and in the course of the employment as janitor. It did not arise out of and in the course of employment as elevator operator in an office building.

Section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws of 1923, provides for compensation "for injuries sustained by employees engaged in the following hazardous employments, to wit: * * *" Therein is defined as one of the hazardous employments the operation of elevators in office buildings. Nowhere is the janitor in an office building defined as hazardous employment. Had the injury complained of been sustained by the respondent while engaged in the operation of an elevator in an office building, it would have been within the terms of that act, but it was not so sustained. It was sustained while he was engaged in an employment not hazardous within the provisions of the act.

Having determined that there is no liability to respondent, it is not necessary to consider the other questions herein presented.

The State Industrial Commission was in error in awarding the respondent compensation. The award is not approved, and the State Industrial Commission is directed to vacate the same and to dismiss the claim.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, and KORNEGAY, JJ., concur. LESTER, C. J., and SWINDALL and McNEILL, JJ., absent.