## TERMINAL BUILDING CO. et al. v. BAKER et al.

No. 23335.   Opinion Filed Feb. 21, 1933.

Rittenhouse, Webster & Rittenhouse, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., R. J. Schaller, and Fred Hammer, for respondents.

CULLISON, V. C. J. This is an original proceeding before this court to review an award of the State Industrial Commission made and entered on the 6th day of January, 1932, in favor of Mattie Baker, claimant.

The record discloses that on April 22, 1931, Mattie Baker received an accidental personal injury while working as a janitress in the Terminal Building, Oklahoma City, Okla., and in the employ of Terminal Building Company. Said injury was in the nature of a strain and internal injuries on the left side, occasioned while lifting on a divan.

Pursuant to a hearing had on January 4, 1932, the Commission made its order January 6, 1932, awarding claimant compensation for temporary total disability of $430.-85, being for 35 weeks, and ordering petitioners to continue weekly payments of compensation until otherwise ordered by the Commission.

Petitioners bring this proceeding to review said award, and rely upon two propositions, the second of which is sufficient to determine the case at bar, and is as follows:

"That the Commission was without jurisdiction to make said award, claimant's occupation at the time of her injury not coming within the terms and provisions of the Workmen's Compensation Act of Oklahoma."

The question presented is whether or not claimant's claim comes within the Workmen's Compensation Act.

This court has settled this question in the case of Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, in which it was held:

"An employee engaged as janitor foreman in an office building, whose duties are to run an elevator, have charge of the help, keep the sinks unstopped, and operate the vacuum cleaner, who sustains an accidental personal injury while performing janitor work, in no way connected with the operation of the elevator, is not within the provisions of section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws of 1923, and may not be awarded compensation for such injury."

The foregoing case was approved and followed by this court in the case of Exchange Building Co. v. Wasson, 154 Okla. 193, 7 P. (2d) 460, in which it was held:

"Janitors performing janitor work in office buildings held not within provisions of Workmen's Compensation Law. * * *"

In the latter case, Anna Wasson was a janitress and injured while performing jani-

tor work in an office building, as was the claimant in the case at bar.

After carefully considering the case at bar, we think the decisions cited, supra, are controlling on the question presented.

We, therefore, hold that the State Industrial Commission was without jurisdiction to make the award in question, and the same is hereby ordered vacated, set aside, and held for naught.

RILEY, C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS and McNEILL, JJ., absent.