## CLINTON COTTON OIL CO. et al. v. HOLDMAN et al.

No. 26324. Oct. 15, 1935.

Rehearing Denied Nov. 5, 1935.

424

Butler & Brown, for petitioners.

Clay M. Roper and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court by the petitioner Clinton Cotton Oil Company and its insurance carrier seeking the review and vacation of an award of compensation for temporary total disability made by the State Industrial Commission in favor of the respondent George Holdman. The parties will hereinafter be referred to as petitioner and respondent.

The record discloses that respondent was injured on April 9, 1934, in the upset of a wagon and being thrown under the bed thereof. At the time of the injury the respondent, together with the superintendent and other employees of the Cotton Oil Company were attempting to recover certain feed troughs belonging to the mill and which had been carried away in a flood. The troughs were used in the feeding of cattle with some of the products of the mill. The petitioner denied liability on the ground that the respondent at the time of his injury was not engaged in a hazardous employment within the contemplation of the Workmen's Compensation Law. The Commission held that the respondent was engaged in a hazardous employment within the meaning of the act and awarded compensation for continuing temporary total disability. Petitioner makes three assignments of error which may be summed up as follows: (a) That there was no competent evidence to sustain the award; (b) that the Commission was without jurisdiction to award compensation for the reason that the respondent was not engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law.

It is admitted that the petitioner Cotton Oil Company was engaged primarily in a hazardous occupation, namely, the operation of a factory for the manufacture of feed stuff and cotton seed products; but it is urged that it also carried on a collateral business, that of feeding cattle, and that this latter business was nonhazardous, and that the injury to the respondent occurred while he was engaged in duties connected with or incident to this latter occupation, and therefore said injury was noncompensable since not within the provisions of the occupations designated as hazardous by the Workmen's Compensation Law.

The evidence as disclosed by the record fairly established the following facts:

That petitioner was engaged both in the business of manufacturing and cattle feeding as contended; that the duties of the respondent were not clearly defined, but that he worked in the mill when it was in operation, mixed feed, fed cattle, did some teaming and such general labor as he was called upon to do. To quote the exact words of the respondent on cross-examination (record pp. 30-31):

"Q. What were your duties when the cattle were shipped away and the mill was shut down? A. Well, anything, any job that came up. * * * A. I was doing any job the superintendent could use me at."

And the evidence further shows that the respondent had been so employed for some seven or eight years; the evidence further shows that at the time of the accident the mill had been shut down for a period of about two weeks, and that all of the cattle had been shipped out of the feeding yards some time prior to the date thereof, and the respondent together with the superintendent and a number of other employees of the Cotton Oil Mill had gone down to a river bottom to recover some feed troughs used in the cattle feeding business of the petitioner, and that this mission of the respondent and the other parties was the proximate cause of the injury for which compensation was granted by the State Industrial Commission.

As we have said in the case of City of Duncan v. Ray, 164 Okla. 205, 23 P. (2d) 694, Mr. Justice Welch, speaking for the court:

"In order for the State Industrial Commission to have jurisdiction to award compensation to an employee and against an employer or insurance carrier for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations, or trades mentioned in section 13349, O. S. 1931; or the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment' as defined in section 13350, O. S. 1931."

And as has been further said in Southwestern Cotton Oil Co. v. Spurlock et al., 166 Okla. 97, 26 P. (2d) 405, Mr. Justice Osborn speaking for the court:

"Admitting, without deciding, that claimant was in the employ of respondent, the Southwestern Cotton Oil Company, and further admitting that the Southwestern Cotton Oil Company is primarily engaged in a hazardous business, in order to justify a recovery, claimant must show that at the time of his injury he' was engaged in a branch or department of said business which is defined as hazardous by the Workmen's Compensation Act."

As we' have observed, the respondent was not performing any of the ordinary duties necessary to the operation of a cotton oil mill, feed manufacturing plant, or factories. nor anything connected therewith or incidental thereto at the time of his injury, but was engaged in the recovery of certain feed troughs. These feed troughs were part of the cattle feeding business carried on by the petitioner, and had no connection with the mill or machinery, either direct or incidental. The cattle feeding business is not an employment enumerated in the Workmen's Compensation Law of this state, and unless the fact that the respondent was employed part of his time in the mill of the petitioner would entitle him to compensation, then clearly the State Industrial Commission was without jurisdiction in the premises. As we have held in Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701, Mr. Justice Busby, speaking for the court:

"Where an employee whose duties are not hazardous within the provisions of the Workmen's Compensation Act, but who also has hazardous duties to perform which are within the provisions of the act, receives an injury arising out of and in the course of the nonhazardous employment, the Workmen's Compensation Act does not apply, and compensation * * * cannot properly be awarded by the State Industrial Commission."

We are compelled to hold that the evidence before the Industrial Commission was wholly insufficient to sustain the award, and that there was no competent evidence before said Commission on which to base an award, and that since the evidence clearly discloses that the respondent was engaged at various times in a hazardous and a nonhazardous employment and sustained his injury while engaged in a nonhazardous employment, therefore the Industrial Commission was without jurisdiction to make any award to the respondent. The order and award of the State Industrial Commission is vacated, with directions to dismiss the claim.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.