## McDUFFIE v. NASH NEON SIGN CO. et al.

No. 33491.   June 14, 1949.
Rehearing Denied Feb. 21, 1950.
Second Petition for Rehearing Denied March 28, 1950.

*215 P. 2d 839.*

Howard C. Triggs, of Oklahoma City, for petitioner.

Pierce, Rucker, Mock, Tabor & Duncan, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, J.   Homer D. McDuffie, claimant, filed his claim stating that he sustained an accidental injury arising out of and in the course of his employment with the Nash Neon Sign Company on August 24, 1941, and in said proceeding sought to hold the Nash Neon Sign Company and B. Johnson Garage. The State Industrial Commission entered an award in favor of claimant against Nash Neon Sign Company, but released B. Johnson Garage from liability. The award against Nash Neon Sign Company has become final. This proceeding is brought to review the award, and claimant raises the single issue that the State Industrial Commission erred as a matter of law in releasing B. Johnson Garage.

The evidence discloses without substantial conflict that the claimant was

the employee of the Nash Neon Sign Company, owned and operated by J. B. Nash. He, together with another employee, was sent to the premises of the B. Johnson Garage, a partnership operated by B. Johnson, the father, and Leo F. Johnson, the son. B. Johnson Garage had operated said premises for a number of years as a garage and repair shop. In connection with the business there was a large sign made of metal, weighing around 1,000 pounds, eight feet in width and eighteen feet long. The employees of the Nash Neon Sign Company were sent to reconstruct this sign and place neon letters on certain portions thereof. It was while they were attempting to repair and reconstruct the sign that the claimant sustained the accident in question.

Claimant cites and relies upon Diamond Ice Co. et al. v. Seitz, 188 Okla. 54, 105 P. 2d 784, and Green v. State Industrial Commission, 121 Okla. 211, 249 P. 933. These cases are authority for the rule that where the principal employer is engaged in a hazardous business as defined by the Workmen's Compensation Law, 85 O.S. 1941 §1 et seq., and employs an independent contractor, likewise coming within the Workmen's Compensation Law, to do anything incident to and connected with the business, occupation, or trade of the principal employer, it is the duty of such principal employer to see that the independent contractor carries insurance or has otherwise complied with the Workmen's Compensation Law. There is nothing in Amerada Petroleum Corporation v. Vaughan, 200 Okla. 226, 192 P. 2d 639, to the contrary. In Diamond Ice Co. et al. v. Seitz, supra, we said:

"An employer carrying on for pecuniary gain a trade, business or occupation recognized and designated in the Workmen's Compensation Act of this state (O.S. 1931 §13348 et seq., 85 Okla. St. Ann. §1 et seq.) as being hazardous, is legally bound to exact of an independent contractor a compliance with said law, in instances wherein manual or mechanical work or labor, which is a part of, or process in, such business, trade or occupation, is to be performed by the independent contractor and his employees."

Therein the principal employer, engaged in the manufacture of ice, had hired an independent contractor, likewise coming within the Workmen's Compensation Law, to make constructions and repairs incident to and connected with the manufacture of ice.

However, there is nothing in the record to show that B. Johnson Garage had two or more employees, as required by Title 85 O.S. 1941 §11, and construed in Carper v. Brandon et al., 195 Okla. 192, 156 P. 2d 623, or that this particular garage came under the Workmen's Compensation Law as being a "workshop", as defined in Title 85 O.S. 1941 §2, as was held in Gooldy v. Lawson et al., 155 Okla. 259, 9 P. 2d 22. The trial commissioner who made the findings in this case and released the B. Johnson Garage did not state on what grounds it was being released. We think that this should have been done, for the reason that if the B. Johnson Garage employed two or more persons and was a garage that came under the Workmen's Compensation Law as being a "workshop", and the petitioner in this case was engaged in a hazardous employment for an independent contractor, the B. Johnson Garage would be secondarily liable under Title 85 O.S. 1941 §11.

It is the duty of the State Industrial Commission to make specific findings of ultimate facts responsive to the issues, as well as conclusions of law, upon which an order is made granting or denying an award of compensation to a claimant. Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159; Corzine v. Compress, 196 Okla. 259, 164 P. 2d 625.

The respondents urge that this was a purchase of a new sign, but the facts

in the case reveal that it was not a purchase and installation of a new sign, but that it was the repair and reconditioning of a sign already in place and owned by B. Johnson Garage.

The trial commissioner found, we think correctly, that J. B. Nash, d/b/a Nash Neon Sign Company, at the time this sign was being repaired, was engaged in a hazardous employment. The sign business is not specifically covered by the Workmen's Compensation Act, but no one has raised the question on appeal. However, we held in Switzer Advertising Co. v. White, 188 Okla. 567, 111 P. 2d 815, that while the business of outdoor advertising does not appear eo nomine in those employments enumerated in Title 85 O.S. 1941 §2, the business of outdoor advertising, as this was held, would be "construction work" under subd. 14, sec. 3, Title 85, O.S. 1941, and as such would be under the Workmen's Compensation Law.

The authorities offered by the respondents to sustain their position are cases in which the principal employer was not engaged in a hazardous occupation, but they do not cite a case that relieves the principal employer from liability where he is engaged in a hazardous employment, and the independent contractor is likewise engaged in a hazardous employment.

This case is being sent back to the Industrial Commission for it to determine whether or not B. Johnson Garage employed two or more persons, and whether or not the garage was a "workshop" within the meaning of the Workmen's Compensation Act.

Order vacated.

DAVISON, C.J., and WELCH, LUTTRELL, and JOHNSON, JJ., concur. ARNOLD, V.C.J., and CORN, GIBSON, and O'NEAL, JJ., dissent.

ARNOLD, V.C.J. (dissenting). The majority opinion vacates the order of the Industrial Commission wherein the employer of claimant was held liable but liability was denied against the so-called principal contractor. The order directs the commission to make findings determinative of the question of whether the so-called principal employer was engaged in the operation of a workshop. Of course, this determination would not be necessary except on the theory that the erection of the neon sign advertising the garage and filling station in question was necessarily incident to the operation of the workshop. So the opinion must be considered, although it does not say so, to have determined that the erection of the neon sign was incident to the operation of the workshop. As the opinion states, claimant relies upon Diamond Ice Co. v. Seitz, 188 Okla. 54, 105 P.2d 784, and Green v. State Industrial Commission, 121 Okla. 211, 249 P. 933. Nobody contends in this case that the rule of law laid down in those cases is not correct under the facts of those cases and nobody contends that it is not the duty of a principal employer engaged in a hazardous occupation under the Workmen's Compensation Law to see to it that his independent contractor, also engaged in a hazardous business under the Act, has secured compensation insurance for the protection of his employees where the work being done by the independent contractor is necessarily incident to the hazardous business of the principal employer (the operation of a workshop in this case). The last pronouncement of this court on the subject is disposed of by the majority opinion in this manner:

"There is nothing in Amerada Petroleum Corporation v. Vaughan, 200 Okla. 226, 192 P. 2d 639, to the contrary."

I cannot agree with the statement, but, on the contrary, think that the Amerada case is decisive here on the point in question. The Amerada was engaged in a business covered by the Act. Here B. Johnson Garage operates a workshop and in that respect is covered by the Act. The independent contractor in the Amerada case was painting houses owned by the Amerada sit-

uated on its premises and used by its employees as housing quarters and his business was covered by the Act. Here, the Nash Neon Sign Company, a so-called independent contractor, was engaged in a business covered by the Act, to wit: the manufacture, repair and installation of neon signs. In the Amerada case we said:

"Amerada makes several contentions, but we consider one decisive. That is, that it was not its duty to require of the independent contractor compliance with the Workmen's Compensation Act for the reason that the work performed was not of such a nature as to constitute it a part of the business, trade, or occupation in which Amerada was engaged, or any process therein. This contention is well taken, and must be sustained.

"It is conceded by all parties that the business in which Amerada was and is engaged is the drilling of oil and gas wells, and the production of oil and gas therefrom. The houses which it maintains in its camp at its division headquarters in Seminole county, and which houses it rents to its employees working in that vicinity, are not in any sense connected with or incident to the business of drilling wells or producing oil and gas therefrom. The houses are maintained by it simply for the convenience of its employees working in that vicinity, apparently for the purpose of providing such employees with inexpensive living quarters in the vicinity of the district office, or other activities in which they are employed by Amerada.

" . . .

" 'Where an employee is engaged in manual or mechanical labor not necessarily connected with, incident to, nor an integral part of a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, St. 1931, secs, 13349, 13350, 85 Okla. St. Ann. secs. 2 and 3, such employee is neither protected nor bound by the provisions of said act.'

"In the instant case it clearly appears that Amerada was not engaged in the painting of houses for pecuniary gain, and that the renting of such houses to its employees was disassociated from its business of drilling wells and producing oil. In such case, had claimant been employed by Amerada, it would not have been liable to him for such injury. . . .

"In Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298, and in Hass v. Ferguson, 184 Okla. 279, 86 P. 2d 986, we held that an employer employing an independent contractor in a hazardous undertaking not carried on by the employer for pecuniary gain, and which was not a part of or process in a hazardous business in which the principal employer was engaged, was not obligated or bound by the provisions of section 11, supra, to require compliance with the compensation laws by such independent contractor, and was not liable for injuries sustained by an employee of such independent contractor . . .

" . . . there is no evidence that Amerada was engaged in the construction of houses or rental properties for pecuniary gain, but the evidence overwhelmingly establishes that plaintiff was simply engaged in the painting of a house owned by it. Under the authorities above cited, the commission was without jurisdiction to make an award against it for claimant's injury."

The B. Johnson Garage was not engaged in the erection of signs for profit and I am unable to understand how the construction or erection of signs by an independent contractor as an advertising agency to procure business for the garage can be said to be an integral part of or necessarily incident to the operation of the hazardous functions of a workshop in the garage.