HALLMARK v. OKLAHOMA PUBLISHING CO. et al.

No. 34011.  Feb. 14, 1950.
Rehearing Denied April 17, 1951.

*230 P. 2d 268.*

Claud Briggs and Rollie D. Thedford, both of Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Smith, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

CORN, J. In this case J. A. Hallmark, herein referred to as petitioner, appeals from the order of the State Industrial Commission denying him compensation on a claim filed against Oklahoma Publishing Company, herein referred to as respondent, and Standard Accident Insurance Company, its insurance carrier here referred as carrier.

The trial commissioner to whom the case was assigned, after hearing the evidence, in substance, found: that petitioner on the 6th day of March, 1947, while in the employ of respondent and engaged in a hazardous occupation, sustained an accidental personal injury to his right leg, right arm and back, resulting in a permanent partial disability to his body as a whole and awarded compensation.

The award was vacated on appeal to the commission en banc and an order entered denying compensation. The order made by the commission is based solely on the ground that the petitioner at the time he sustained his injury was not engaged in a hazardous employment.

Petitioner has appealed and asserts that the order is not sustained by the evidence, and is contrary to law.

The facts are: Petitioner on the 6th day of March, 1947, while in the employ of respondent, sustained an injury resulting in a disability as found by the trial commissioner.

Respondent operates, in Oklahoma City, a printing plant where machinery is used. It occupies and uses in connection with its business two separate buildings; the printing plant with all its machinery, and used in connection with its operation as a printing plant, is located entirely in one of these buildings; its offices are located in the other building. The buildings are separated from each other by an alley and small parkway; there are, however, connected with a covered ramp which is used as a passageway from one building to the other.

Petitioner was employed as a janitor in the office building. He did not work in the building in which the printing plant is located and operated and performed no service or work of any kind incident to or connected with the printing plant. His general duties consisted of sweeping, cleaning, scrubbing and keeping in condition the boiler room, basement and all other rooms in the building. He sustained his injury when he fell from a ladder while engaged in cleaning Venetian blinds in the paymaster's office located on the second floor of the office building.

Petitioner, as one of his duties, is required to gather wastepaper from baskets kept in different offices and deliver scraps to the basement. The deliveries were made by the use of a freight elevator. On several occasions petitioner while delivering the scraps to the basement operated the elevator. He was not, however, required to do so as a part of his duties. Respondent kept in its employ a regular elevator man for this purpose. Each evening the wastepaper so accumulated was baled with an electric power-driven paper baling machine. Petitioner as part of his duties was required to assist in the operation of the baler. The bales when completed weighed about 500 pounds each and were removed from the baler by means of a push truck and stored in the basement for future delivery. Petitioner was required to participate in this work. This, in substance, constitutes the work petitioner was required to do while in the employ of the respondent.

Petitioner contends that the maintenance and operation of the electric pow-

er-driven paper baling machine in the basement constituted the basement a workshop, and although petitioner did not sustain his injury while working in and about the workshop, he is nevertheless covered by the Act and entitled to compensation. This contention cannot be sustained.

One who is employed as a janitor in an office building and sustains an injury while engaged in cleaning Venetian blinds in the paymaster's office in the office building is not engaged in any employment defined as hazardous under the Workmen's Compensation Act and is therefore not entitled to compensation.

A janitor performing merely janitor work in an office building is not employed in a hazardous employment within the meaning of the Workmen's Compensation Act. 85 O. S. 1941 §3; Ferris v. Bonitz, 149 Okla. 129, 299 P. 473; Terminal Building Co. v. Baker, 162 Okla. 106, 19 P. 2d 368.

If petitioner had sustained his injury while performing manual or mechanical labor incident to or connected with the printing plant, or assuming that the operation of the electric power-driven paper baling machine in the basement constituted the basement a workshop, and petitioner had sustained his injury while performing work incident to or connected with the workshop, he would have been entitled to compensation. Okmulgee Democrat Pub. Co. v. State Industrial Commission, 86 Okla. 62, 206 P. 249. He was, however, not engaged in performing work incident to or connected with either at the time he sustained his injury.

This court has held that a newspaper salesman who transports newspapers in bulk to agents of his employer for sale is not engaged in a hazardous employment although his employer was engaged in operating a printing plant where machinery is used and printed the papers transported and thus engaged in an occupation defined as hazardous by the Workmen's Com-

pensation Act. World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. 2d 1070; Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112. In the case of Ferris v. Bonitz, supra, we said:

"A janitor engaged as janitor foreman in an office building, whose duties are to run an elevator, have charge of help, keep the sinks unstopped, and operate the vacuum cleaner, who sustains an accidental personal injury while performing janitor work, in no way connected with the operation of the elevator, is not within the provisions of section 7283, C.O.S. 1921, as amended by section 1, ch. 61, Session Laws of 1923, and may not be awarded compensation for such injury."

In Clinton Cotton Oil Co. et al. v. Holdman et al., 174 Okla. 423, 50 P. 2d 732, it is said:

"Where an employee, who is engaged part of the time in a hazardous occupation enumerated and governed by the Workmen's Compensation Law and part of the time is engaged in a nonhazardous occupation not enumerated and not included within the provisions of the Workmen's Compensation Act, and is injured in said nonhazardous employment, the State Industrial Commission is without jurisdiction to award compensation for such injury."

The same conclusion has been reached by this court in Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. 2d 701; King v. Carl B. King Drilling Co., 194 Okla. 71, 147 P. 2d 463; and E. M. Mildred Agency v. Yates, 200 Okla. 168, 191 P. 2d 581.

The clerical worker cases cited and relied upon by petitioner are not applicable.

Since petitioner was not engaged in performing manual or mechanical labor in an employment enumerated in and defined as hazardous by the Workmen's Compensation Act, or in doing any act connected with or incident to such employment at the time he sustained his injury, he may not be awarded compensation for such injury.

Order sustained.

DAVISON, C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'-NEAL, JJ., concur. ARNOLD, V.C.J., dissents.

ARNOLD, C.J. (dissenting). I dissent to the majority opinion because in my opinion claimant's injury arose out of and in the course of hazardous employment covered by the Workmen's Compensation Law. Undoubtedly, the boiler room, in which was situated the usual boiler equipment, a large paper pressing machine, a work bench with all sorts of simple tools for making ordinary repairs in the maintenance of an office building, and the electrically driven floor washing and polishing machines when not in use, is a workshop under the definition thereof in the Workmen's Compensation Law (85 O.S. 1941 §3). Unquestionably, the claimant at the time of his injury was engaged in manual and mechancial labor in the performance of his duties. The duty being performed by him, that is, the repair of the Venetian blind, could have been performed where he was injured or in the workshop. The workshop was maintained and operated for the purpose of the general maintenance of the building and the particular act of claimant which directly resulted in his injury was incident to the very purpose for which the workshop was maintained. We said in Oklahoma Natural Gas Co. v. Nickens, 199 Okla. 622, 189 P. 2d 184, wherein it was the duty of an employee to operate a freight elevator for the purpose of transporting things from one part of the building to another, that "the carrying of the box down the stairway was incidental to his operation of the freight elevator which was a hazardous occupation. 85 O.S. 1941 §2." In McDuffie v. Nash Neon Sign Co., 202 Okla. 568, 215 P. 2d 839, we held that the attaching of an advertising neon sign to a garage and super filling station building was incident to the operation of the workshop of the garage. Obviously, under the undisputed facts of this case and the above authorities, the claimant was engaged at the time of his injury in the performance of manual and mechanical labor incident to the operation of a workshop as defined by the Workmen's Compensation Law, and the finding of the commission that his injury resulted from the mere cleaning of a Venetian blind is erroneous and its determination that claimant was not engaged in a hazardous employment at the time of his injury is erroneous as a matter of law.

Then, too, though "a publishing company" is not under the Workmen's Compensation Act eo nomine, the employer in this case maintains and operates one of the biggest workshops in the Southwest, and the maintenance of the office building thereto attached by ramp is largely in furtherance of the business of this workshop. I think all manual and mechancial labor in the maintenance of the office building is incident to the work of the workshop.

The order denying compensation should be vacated.