Hiawatha BALDWIN, Plaintiff in Error,

v.

BIG X DRILLING COMPANY, Inc., a Corporation, Defendant in Error.

No. 37822.

Supreme Court of Oklahoma.

March 4, 1958.

Maurice Nagle, Gerald Spencer, Oklahoma City, for plaintiff in error.

Mart Brown, Oklahoma City, for defendant in error.

CORN, Vice Chief Justice.

The plaintiff brought this action against the defendant for damages for personal injuries resulting from the defendant's alleged negligence. The trial court determined it was without jurisdiction, and entered judgment for the defendant.

There is no controversy as to the facts. The defendant was tearing down its rig when it found that the A-frame of the rig must be welded before it could proceed. It employed Huntsinger and Son Welding & Machine Shop to do the work.

Huntsinger and Son Welding & Machine Shop carried on a hazardous business within the purview of the Workmen's Compensation Act and had complied therewith.

The plaintiff was employed by Huntsinger and Son Welding & Machine Shop as a welder. It sent him to the defendant's rig to do the required welding.

The plaintiff went upon the rig of defendant and was proceeding with the welding job when he received an accidental injury by reason of the alleged negligence of the defendant.

Plaintiff filed a claim against Huntsinger and Son Welding & Machine Shop for compensation for his resultant disability before the Industrial Commission. His claim was settled on joint petition and the award paid.

■ We have held that the effect of 85 O.S.1951 §§ 11 & 12 is to declare that in hazardous employments as defined by the Workmen's Compensation Law the principal employer is not liable in tort for an accidental injury occurring to an employee of an independent contractor in the course of his employment. Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586; Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408.

We have also held in effect that in such a case the work performed by the independent contractor must be an integral part of work necessary in the conducting of the principal employer's business. Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475; McDuffie v. Nash Neon Sign Co., 202 Okl. 568, 215 P.2d 839. If it is not an integral part of the principal's business such principal is not secondarily liable under the Workmen's Compensation Law, and the injured employee's right to maintain a common law action for negligence against the principal employer for damages by reason of the resulting disability is not abrogated by said Workmen's Compensation Law. 85 O.S.1951 § 1 et seq.; Horwitz Iron & Metal Co. v. Myler, supra.

The plaintiff contends that the welding of the A-frame was not necessarily connected with and incident to the business of the defendant, the drilling of wells, and therefore it was not secondarily liable under the Act, and plaintiff's right to maintain an action in tort against it was not abrogated by said Workmen's Compensation Act.

■ The determination of whether the right to maintain an action in tort was abrogated must be in the light of the legislative intent, the objective sought to be effectuated by the Workmen's Compensation Act. Certainly such Act was for the purpos of protecting injured workmen, not to give a negligent tort feasor a defense. Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203.

■ Huntsinger and Son Welding & Machine Shop, plaintiff's employer, was engaged in a hazardous employment within the purview of the Act. The defendant was engaged in a hazardous employment and within the Act. The A-frame is a necessary part of defendant's rig. The repair thereof was an integral part of, and necessarily connected with and incident to its business in that without the A-frame in proper repair defendant's business, the drilling of wells, could not continue.

The plaintiff's employer therefore was an independent contractor carrying on hazardous employment, doing a job, welding the A-frame of the rig of defendant, a drilling contractor, an integral part of and necessarily connected with and incident to the defendant's business. By virtue of 85 O.S. 1951 § 11, defendant was secondarily liable for compensation payable under the Act to the plaintiff for the disability resulting from an accidental injury suffered by him and arising out of and in the course of his employment.

The trial court was, therefore, correct in determining that it was without jurisdiction.

By reason of the fact situations in the cases of Parkhill Truck Co. v. Wilson, supra; Horwitz Iron & Metal Co. v. Myler, supra; and Rota-Cone Oil Field Operating Co. v. Chamness, 197 Okl. 103, 168 P.2d 1007, cited and relied upon by the plaintiff, such cases do not sustain his contention. In view of our conclusion that the welding of the A-frame is an integral part of defendant's business, such cases sustain the result reached, that is, the court was without jurisdiction of the tort action.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.