SKELLY OIL COMPANY, a foreign
corporation, Petitioner,

v.

The DISTRICT COURT OF PITTSBURG
COUNTY, State of Oklahoma and Honorable W. A. Lackey, Judge of said court,
Respondents.

No. 40917.

Supreme Court of Oklahoma.

July 7, 1964.

Sam C. Oliver, S. W. Wells, Tulsa, for petitioner.

Tucker & May, McAlester, for respondents.

JOHNSON, Justice.

This is an application for this court to assume jurisdiction for the purpose of issuing a writ of prohibition against the District Court of Pittsburg County, Oklahoma, forbidding it to exercise jurisdiction over the case of Mullins & Golden, Admrs. v. Skelly Oil Co., No. 26534 in such court.

The admitted facts are as follows: The Skelly Oil Company was the owner of an oil tank farm near the town of Velma, Stephens County, Oklahoma. On or about August 23, 1961, said oil company entered into an agreement with Pete Doye Oil Field Service to drain a certain petroleum storage tank for cleaning. The deceased was an employee of Pete Doye Oil Field Service, which was engaged in such work. On said August 23rd, as he was quitting work and starting his automobile, the starting of such engine caused accumulated gas from the tank to explode, resulting in the killing of such employee. After his death, Helen Mullins, his widow, filed claim for his death under the Workmen's Compensation Law of Oklahoma, the respondent in said matter being the Pete Doye Oil Field Service. Thereafter, an award for the death of such employee in the sum of $13,500.00 was made by the court and was paid and accepted by the widow.

Subsequently thereto she and her co-administrator filed suit No. 26534 in the district court to recover in a common law action for the death of such deceased. The sole question in this proceeding is whether the award of the Industrial Court precludes the maintenance of the common law action.

In the first place, the relation and respective liabilities of Skelly and Pete Doye Oil Field Service must be ascertained. There is no question but that the Oil Field Service is an independent contractor. However, it is equally clear that the employer is secondarily liable under the Workmen's Compensation Law. See 85 O.S. 1961, § 11, Subsec. 2; McDuffie v. Nash Neon Sign Co., 202 Okl. 568, 215 P.2d 839; and Stubblefield v. Sebastian, Okl., 340 P.2d 265.

The contention of the respondent herein is that the deceased was not an employee at the time of injury because he had stopped work for the day and was on his way home. This contention cannot be sustained. The acts of the widow in applying for and receiving an award for the death of the husband settles this question.

In 31 C.J.S. Estoppel, § 110(7) at page 577, the text reads:

"A person who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or of a part thereof, on any grounds, whether the invalidity results from want of jurisdiction of the person or of the subject matter of the suit; nor can he reject the burdensome consequences of it."

This text is quoted with approval by this court in the case of Ballinger v. Sarkeys, Okl., 360 P.2d 515 at page 518.

It therefore follows that the widow is estopped to now question that the deceased was an employee, that he was killed in the course of his employment or that the Industrial Court had jurisdiction.

We are therefore confronted with the final question, Does the recovery of an award by the Industrial Court preclude a common law action against one who is secondarily liable for the award? This is not a new question before this court.

 In the case of Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586, the second paragraph of the syllabus reads:

"Liability of the principal employer under the terms of the Workmen's Compensation Law of this State to provide compensation for injuries to an employee of an independent contractor is exclusive and such employee is without right to maintain action in tort against the principal employer on account of such injuries."

This case has been cited and followed in the following cases: Creighton et al. v. District Court of Seminole County, Okl., 359 P.2d 581; Lee Evans Oil & Gas Co. v. Superior Court of Seminole County, Okl., 344 P.2d 670; Baldwin v. Big X Drilling Co., Inc., Okl., 322 P.2d 647; and Jordon v. Champlin Refining Company, 200 Okl. 604, 198 P.2d 408. This case has also been cited and followed by the Federal Court, see Burk v. Cities Service Oil Co., 10 Cir., 266 F.2d 433.

 Under the above authorities, there can be no doubt that the services of the independent contractor were intimately connected with the principal employer's business, and that prohibition is the proper remedy to reach the jurisdictional question involved.

It is therefore ordered that the writ sought herein be granted, and the District Court of Pittsburg County, Oklahoma is hereby prohibited from proceeding with case No. 26534, styled Mullins and Golden, Admr's v. Skelly Oil Company, and said action is ordered dismissed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON and BERRY, JJ., concur.