**OKLAHOMA CITY, a Municipal Corporation, Own Risk, Petitioner,**

**v.**

**Bertha Marie NEWELL and the State Industrial Court, Respondents.**

**No. 41928.**

Supreme Court of Oklahoma.

April 25, 1967.

Rehearing Denied May 31, 1967.

Roy H. Semtner, Municipal Counselor for Oklahoma City, and Kenneth W. Turner, Assistant Municipal Counselor, Oklahoma City, for petitioner.

Grady Holloway, Paul Pugh and Al Pugh, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

WILLIAMS, Justice:

There is involved here an original proceeding to review an award allowing the respondent, claimant below, Bertha Marie Newell, death benefits under the provisions of the Oklahoma Workmen's Compensation Act. Respondent Bertha Marie Newell will be referred to herein as claimant and petitioner, City of Oklahoma City, as respondent, same being the respective relations the parties bore to each other in the trial court.

The trial judge entered an award in favor of the claimant. The award was affirmed by the Industrial Court sitting en banc by a vote of three to two. The two dissenting judges specifically found that the employee involved at the time of the alleged accident was employed in a governmental function for the City of Oklahoma City and therefore his widow was not entitled to recover death benefits.

On June 1, 1961, Thomas Archie Newell, the husband of the claimant, was employed in the street cleaning department of the City of Oklahoma City. According to the testimony of the supervisor of the street cleaning department Newell's duties were "to clean off the top of the catch basins and clean the streets, pick up loose trash and stuff in the streets, and also if a catch basin had any papers or trash or anything in them, take the lid off and clean them out."

On the morning of June 1, 1961, when Mr. Newell and a fellow worker, Mr. Reeves, commenced their day's work as employees of the street cleaning department, Newell complained of being sick. Reeves suggested that he take the day off but Newell said, "I have got to go on and make it if I can. Maybe I will feel better."

Newell and Reeves proceeded in a street cleaning truck to a point on a street in Oklahoma City for the purpose of cleaning out a catch basin, same being a part of the storm sewer system of the City of Oklahoma City. Newell drove the truck. Reeves and Newell were both working on their knees attempting to lift the lid of the catch basin. Newell dropped his end of the lid and it was precipitated into the catch basin. Newell said that he would go down in the catch basin and retrieve the lid saying "I'll get it out. I'm a bigger man than you are".

Upon Reeves' suggestion a rope was dropped into the catch basin and one end attached to the lid and the other end to the truck. The motive power of the truck was used to hoist the lid out of the basin. Newell made no complaints of sudden illness or disability as the result of physical energy employed in the handling of the lid. Newell and Reeves completed the cleaning out of the catch basin.

The two men then drove the truck to a park in Oklahoma City. They got out of the truck, sat down under a tree and ate their lunch. Newell ate a "hearty meal." He then got into the truck, laid down and slept for about fifteen minutes. The two then proceeded with the truck to an intersection of 56th street and Eastern. At this point gravel had washed upon the pavement. They stopped and both men, Newell and Reeves, shoveled the gravel into a pile. Reeves shoveled the gravel into the truck. Newell then said he knew a place that had to be cleaned up. They started toward the place. Newell said, "You know I feel bad" and that he wanted to get over in the shade. After resting in the shade for ten or fifteen minutes Newell went to the rest room of a filling station. He staggered while entering the rest room. Other city employees were called and Newell was removed to the city barn or terminal.

During the afternoon Newell was admitted to Hillcrest Hospital where he remained until his death on July 11, 1961. Dr. R, an osteopathic physician, found the cause of death to be a myocardial infarction precipitated by his lifting a heavy grate. Patient gave the doctor a history of having lifted a heavy grate causing pain in his chest radiating down his right arm.

The evidence shows that each and every act done by the deceased on June 1, 1961, as an employee of the respondent was performed in pursuance of his duties as an employee of the street cleaning department of the City of Oklahoma City.

■ Counsel for the claimant argue that while the deceased was a regular employee of the street cleaning department there were occasions when he was required to perform other duties such as shoveling sand on icy streets and filling holes in the streets with loose sand. It appears that such duties were incidental to his work in cleaning the streets and storm sewers for the safety of the traveling public. On the day in question deceased was not engaged in the performance of any of these incidental duties but was cleaning the streets and storm sewers. The controlling factor is not what he might do on some other day but the work he was actually performing on the day of the alleged injury. Hallmark v. Oklahoma Publishing Co., 204 Okl. 364, 230 P.2d 268; Clinton Cotton Oil Co. v. Holdman, 174 Okl. 423, 50 P.2d 732.

■ We have held in numerous cases that a municipality in cleaning streets and storm sewers is operating in a governmental capacity and an employee injured while working in such operations is not within the terms of the Workmen's Compensation Act. Payton v. City of Anadarko, 179 Okl. 68, 4 P.2d 878; City of Muskogee v. State Industrial Commission, 150 Okl. 94, 300 P. 627; Spaur v. City of Pawhuska, 172 Okl. 285, 43 P.2d 408; Ponca City v. Grimes, 144 Okl. 31, 288 P. 951.

■ We are committed to the rule that where there is an entire absence of competent evidence to support the award of the State Industrial Court, it will be vacated as a matter of law. Ada Coca-Cola Bottling Company v. Snead, Okl., 364 P.2d 696; Harvey Company v. Steele, Okl., 347 P.2d 802; Phillips Petroleum Company v. Eaves, 200 Okl. 21, 190 P.2d 462.

The award of the State Industrial Court is vacated and this cause is remanded to such court with directions to enter an order in favor of the respondent, City of Oklahoma City, denying award.

All the Justices concur.