Glen O. NUNN, Petitioner,

v.

OKLAHOMA CITY, a municipal corporation,
and the State Industrial Court,
Respondents.

No. 43362.

Supreme Court of Oklahoma.

April 14, 1970.

Jerry D. Sokolosky, Lampkin, Wolfe &
Sokolosky, Oklahoma City, for petitioner.

Roy H. Semtner, Municipal Counselor,
Wm. O. West, Asst. Municipal Counselor,
Oklahoma City, G. T. Blankenship, Atty.
Gen., for respondents.

BLACKBIRD, Justice.

Parties will be referred to as they appeared before the State Industrial Court.

On November 8, 1966, claimant was employed by the respondent city as a night janitor at said city's Will Rogers Airport. His duties were confined to janitorial work in the air terminal building there. With the exception of using an electric buffer or waxing machine, claimant operated no power driven machinery. He was not required to work where power driven machinery was being operated. During the night of November 8, 1966, claimant had been using an electric buffing or waxing machine. He was attempting to place the machine in a storage cabinet. He struck his head on a pipe and contends he sustained serious injuries as the result of the blow on his head.

In denying claimant's claim, the trial judge held:

"That claimant was not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law of the State of Oklahoma, therefore, claimant's claim is denied. * * *"

The State Industrial Court, sitting en banc, unanimously sustained the trial judge's order.

In his petition for review claimant contends that said court's order is not sustained by the evidence, is contrary to the evidence, and is contrary to law.

The operation of an airport is not listed as one of the hazardous employments coming under the Oklahoma Workmen's Compensation Act in 85 O.S.1961, § 2.

We have held in several cases that "A janitor performing merely janitor work in an office building is not employed in a hazardous employment within the meaning of the Workmen's Compensation Act." 85 O.S.1961, §§ 2 and 3; Hallmark v. Oklahoma Publishing Co., 204 Okl. 364, 230 P.2d 268; Terminal Building Co. v. Baker, 162 Okl. 106, 19 P.2d 368; Exchange Building Co. v. Wasson, 154 Okl. 193, 7 P.2d 460; Ferris v. Bonitz, 149 Okl. 129, 299 P. 473.

Claimant cites Okmulgee Democrat Publishing Company v. State Industrial Commission, 86 Okl. 62, 206 P. 249, and Halliburton Oil Well Cementing Company v. State Industrial Commission, Okl., 330 P.2d 222, in support of his contention. These cases are distinguishable from the factual situation herein presented. In each of them, the injured employee was working as a janitor in a workshop where power driven machinery was being operated and the general business of the employer was defined as hazardous by 85 O.S.1961, § 2, of the Oklahoma Workmen's Compensation Act. In the instant case, claimant was working as a janitor in a building used as an air terminal. We find no evidence that machinery was being operated in the building and that claimant was exposed to its operation. The distinction is apparent.

The order of the State Industrial Court denying the claim of the claimant for compensation benefits is hereby sustained.

All the Justices concur.