This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

**v.**                                 **NO. 30,078**

**FRANCISCO ESPARZA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

John A. McCall
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

     Francisco Esparza (Defendant) appeals from the judgment, sentence and commitment, convicting him after a jury trial of aggravated DWI (Seventh offense). [RP 201] Defendant raises one issue on appeal, contending that there was insufficient evidence to convict Defendant when there was conflicting testimony that Defendant

was even driving. [DS 2] Defendant raises this issue pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 282, 284 (1967).

This Court's calendar notice proposed summary affirmance. [CN1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm.

**DISCUSSION**

In determining whether sufficient evidence was presented that Defendant was in physical control of the car, we engage the two-step analysis used to evaluate a sufficiency challenge to a conviction. First, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Second, we "make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Defendant was charged and convicted, after a jury trial, of aggravated DWI, pursuant to NMSA 1978, Section 66-8-102(D)(1) (2008), for "driv[ing] a vehicle in this state [with a] alcohol concentration of sixteen one hundredths or more in [his]

blood or breath within three hours of driving the vehicle and the alcohol concentration result[ed] from alcohol consumed before or while driving the vehicle." [RP 93] A "'driver' means every person who drives or is in actual physical control of a motor vehicle." NMSA 1978, Section 66-1-4.4(K) (2007); *see Boone v. State*, 105 N.M. 223, 225-26, 731 P.2d 366, 368-69 (1986) (interpreting a "driver" to mean one is who actually driving a motor vehicle and one who is in "actual physical control" of a motor vehicle, not requiring that the vehicle be in motion).

In the memorandum, Defendant does not present facts that differ from those relied upon by this Court in the calendar notice. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). At trial, the State presented the testimony of two officers who were dispatched to the scene for a domestic disturbance. [RP 123-24, 128-31; MIO 2-3] The first officer to arrive testified that he witnessed Defendant driving a Chevy pickup truck around in the yard, doing "donuts," and spinning his tires. [Id., 126; MIO 2-3] When the officer turned on his lights, Defendant stopped the vehicle and exited the driver's side. [RP 124] Defendant was stumbling around, he had bloodshot watery eyes, an odor of alcohol emanated from him, and he had slurred speech. [Id.] A second officer who could speak Spanish arrived at the scene. [RP 128; MIO 3] The second officer

testified that Defendant told him he had consumed twelve beers. [Id.] This officer then conducted field sobriety tests, which were video recorded. [RP 128-29] When Defendant could not adequately perform the tests, he was arrested. [RP 129] Defendant took a breath test that showed a blood alcohol content of .19 and .18 grams per 210 liters. [RP 131; MIO 3]

Defendant testified at trial that when the officers approached him, he was standing near his truck drinking beer, and he did not drive the truck. [RP 135; MIO 3] Defendant claimed he took the field sobriety tests because the officers asked him to do so and that he never thought it was necessary to tell the officers that he had not been driving. [RP 136] On cross-examination, Defendant admitted he was drunk but insisted that he did not drive. [Id.; MIO 3]

Defendant's memorandum discusses at length the current applicable New Mexico law on what it means to be in "actual physical control" of a vehicle. [MIO 5-8] Defendant insists that the State's evidence does not conclusively demonstrate that Defendant was the actual driver of the truck because the first officer encountered Defendant outside the truck and it was "unclear how the officer was able to see . . . Defendant prior to entering the backyard and turning on his lights at which time it appears Defendant was actually outside of his truck." [MIO 6] Thus, Defendant

4

argues that there was not substantial evidence that Defendant was ever driving the vehicle or was able to exercise control over it. [MIO 8] We are not persuaded.

The jury was presented with the first officer's testimony that he saw Defendant driving when he arrived at the scene, as well as Defendant's conflicting testimony that he did not drive. The jury convicted Defendant of aggravated DWI. "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789. Moreover, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998). We hold that substantial evidence supports Defendant's conviction for aggravated DWI.

**CONCLUSION**

We affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

5

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CELIA FOY CASTILLO, Judge**

6